UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY RICHARD LACY,<br><br>Defendant. | Case No. 1:21-cr-00319-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed pro se motions for reduction of sentence. *See* Dkts. 46, 47, 48. For the reasons explained below, the Court will deny the motions.

## BACKGROUND

On November 7, 2022, this Court sentenced Defendant to 58 months' imprisonment after he pleaded guilty of distributing methamphetamine. *See Judgment*, Dkt. 41. His Total Offense Level was 27, and his Criminal History Category was VI, which yielded a guidelines range of 130 to 162 months. *See Statement of Reasons,* ¶ III Dkt. 42.

Mr. Lacy disagrees with this calculation—he says his Total Offense Level is 21—not 27. *See Motion,* Dkt. 48, at 2. Mr. Lacy is mistaken on this point. He points out that during the sentencing hearing, the Court observed—as it typically

does during sentencings involving methamphetamine—that there is an unwarranted disparity in sentences involving methamphetamine based solely on whether purity testing was performed. The Court observed that the disparity was borne out in this case, because the total offense level without purity testing would have been 21, which, with a criminal history category of VI, would have yielded a guidelines range of 77 to 96 months. But because testing had been performed, Mr. Lacy's guideline range was 130 to 162 months, based on the total offense level of 27 (as noted above). Given that disparity, the Court noted that it would treat the guidelines ranges as only loosely advisory—which the Court is entitled to do post-*Booker*. *See United States v. Booker*, 543 U.S. 220, 246 (2005 ). It is critical to note, however, that that just because the Court considered the methamphetamine mixture guidelines in determining an appropriate sentence does not mean that the formal guidelines calculation actually changed. Rather, the probation officer calculated the guidelines range correctly—meaning that Mr. Lacy's correct guideline range was 130 to 162 months, based on a Total offense Level of 27 and a Criminal History Category of VI. *See PSR* ¶ 68.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an

MEMORANDUM DECISION AND ORDER - 2

exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

    A.    **Part A**

"Part A of Amendment 821 limits the overall criminal history impact 'status

points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Mr. Lacy's criminal history score—after adding 2 status points—was 13. *See Presentence Investigation Report*, Dkt. 34, ¶¶ 50-52. Amendment 821 reduces his criminal history points from 2 to 1, which means that he would drop to Criminal History Category V. This, in turn, would reduce his guidelines range from a range of 130 to 162 months to a range of 120 to 150 months. As noted above, however, Mr. Lacy was sentenced to less time than the low end of that amended range (58 months). Accordingly, he is not eligible for a reduction under Part A of the Amendment. *See United States Sentencing Guidelines* § 1B1.10(b)(2) (prohibiting sentencing a defendant to less than the low end of the amended guideline).

    **B.**    **Part B**

Part B of Amendment 821 provides for a two-level reduction in the offense

**MEMORANDUM DECISION AND ORDER - 4**

level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Mr. Lacy is not a zero-point offender.

## ORDER

**IT IS ORDERED that** Defendant's Motions for Reduction of Sentence (Dkts. 46, 47, 48) are **DENIED**.

DATED: July 7, 2025

_____
B. Lynn Winmill
U.S. District Court Judge